# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LISA WHISENANT,     ) | |
|         Plaintiff,     ) | |
|                              ) | No. 06 CV 5322 |
| v.                         ) | Judge Blanche M. Manning |
|                              ) | |
| MICHAEL J. ASTRUE,     ) | |
|         Defendant.     ) | |

## MEMORANDUM AND ORDER

The Social Security Administration denied plaintiff Lisa Whisenant's application for disability benefits, which Whisenant appealed to this court. Whisenant's appeal was successful and the court remanded her case for reconsideration. As the prevailing party, Whisenant now seeks attorney's fees under the Equal Access to Justice Act. *See* 28 U.S.C. § 2412. For the reasons detailed below, Ms. Whisenant's petition for fees is granted in part.

## BACKGROUND

Ms. Whisenant applied for benefits on November 30, 1999, after an earlier car accident. Whisenant then began a complicated procedural journey through the administrative process that need not be detailed here. Suffice it to say that she received multiple hearings before two separate administrative law judges and, by journey's end, she was deemed not disabled and denied benefits.

Whisenant then sought judicial review before this court. In her motion for summary judgment, Whisenant argued that she was entitled to either an award of benefits or a remand of her case because: (1) the ALJ that presided over her second hearing failed to follow the directions of the Appeals Council that ordered the second hearing; (2) the ALJ did not account for all of her medical evidence; specifically, it discredited her subjective reports of pain without

accounting for objective medical evidence of underlying impairments–neuropathy and fibromyalgia–and discredited her reported history of seizures without accounting for a witness' first-hand account of one of Whisenant's seizures; and (3) as a result of the ALJ's failure to account for all of the medical evidence, the ALJ provided the vocational expert with a flawed hypothetical.

After careful review, the court concluded that: (1) the ALJ had followed the Appeals Council's directions for conducting the second hearing; but (2) agreed with Whisenant that the ALJ had failed to account for evidence of neuropathy, fibromyalgia, and seizures, and as a result presented a flawed hypothetical to the vocational expert. As a result of the ALJ's errors, the court granted Whisenant's request for a remand.

Whisenant has now filed a petition seeking an award of attorney's fees in the amount of $5,919.13.

## ANALYSIS

Under the Equal Access to Justice Act, a party who sues the federal government is entitled to an award of fees if: (1) the party was the prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make an award unjust, and (4) the prevailing party's application for fees was timely filed. 28 U.S.C. § 2412(d)(1)(A); *Comm'r, INS v. Jean,* 496 U.S. 154, 155 (1990). The government bears the burden of demonstrating that its position was substantially justified. *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). To meet that burden, the Commissioner must show that his position had each of the following: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged

and the theory propounded. *See Conrad v. Barnhart*, 434 F.3d 987 (7th Cir. 2006). To succeed in defeating an application for fees, the government must show that its position was substantially justified both in the decision reached by the ALJ as well as expressed by counsel during the appeal before this court. *See Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).

The government does not dispute that Whisenant was the prevailing party, that her application for fees was timely filed, or that no special circumstances would make an award of fees unjust. Therefore, like the parties, the court will focus solely on whether the government has met its burden of showing that its positions–both as expressed by the ALJ in the administrative proceeding and by the government's counsel before this court—were substantially justified.

### *Substantial Justification of Commissioner's Position*

The government's position can be justified even if it was not correct, and therefore a loss on the merits does not equate to a lack of substantial justification. *See United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000). Instead, the court must examine whether the government's position had reasonable factual and legal bases, and whether there was a reasonable connection between the fact and legal theory. *See Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). A position at odds with the Commissioner's own rulings is not substantially justified. *See Golembiewski v. Barnhart*, 382 F.3d at 725.

As the court noted in its remand order, the ALJ's decision was at odds with Social Security Ruling 96-7p. Under SSR 96-7p, "once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown," the ALJ "must make a specific finding on the credibility of the individual's statements based on a consideration of the entire case record." The ALJ failed to adhere to the requirements

Page 3

of 96-7p because she discredited Whisenant's subjective complaints of pain without accounting for all of the objective evidence of underlying physical impairments that could have caused the pain, specifically, the ALJ did not address Whisenant's neuropathy and fibromyalgia.

Not only did the position adopted by the ALJ lack substantial justification, but the Commissioner added to the problem by defending the ALJ's decision before this court without confronting the ALJ's failure to account for the evidence of neuropathy and fibromyalgia. In fact, like the ALJ, the Commissioner never mentioned those conditions in its opposition to Whisenant's motion for summary judgment.

Likewise, the ALJ also discredited Whisenant's reports of seizures, but did so without accounting for all of the objective evidence of seizures, specifically, an account of one of Whisenant's seizures written by someone who witnessed the seizure first-hand. The Commissioner also defended the ALJ's decision to discredit Whisenant's reports of seizure without confronting the ALJ's failure to account for the eyewitness account of one seizure.

The court also notes that, because the ALJ incorporated her incomplete assessment of Whisenant's reports of pain and seizures into the hypothetical she presented to the vocational expert, she compounded the lack of substantial justification for her decision denying Whisenant's application for benefits.

In response to the petition for fees, the government attempts to minimize the ALJ's decision to discredit Whisenant's reports of pain and seizures without accounting for all of the evidence as a mere "fail[ure] to adequately articulate." (R.38 at 4.) The government reasons that because the ALJ's error was simply one of articulation, the Commissioner's position was nevertheless substantially justified. In support, it cites *Cunningham v. Barnhart*, 440 F.3d 862

(7th Cir. 2006). In *Cunningham*, the ALJ acknowledged the objective medical evidence, but failed to fully explain how the evidence supported his decision to discredit the claimant's subjective complaints of pain. *Id.* at 864-65. The *Cunningham* court distinguished the situation presented to it from the situation presented in *Golembiewski v. Barnhart*, 382 F.3d 721 (7th Cir. 2004), where the ALJ had "mischaracterized the medical evidence and also ignored evidence supporting Golembiewski's claim." *Cunningham*, 440 F.3d at 864.

As detailed above, the ALJ in the present case ignored evidence of Whisenant's neuropathy and fibromyalgia, as well as a first-hand account of one of Whisenant's seizures. Accordingly, the ALJ's error is not merely one of articulation, but rather was a decision that ignored evidence supporting Whisenant's claim and for that reason was not substantially justified. *Id.* Moreover, the Commissioner's decision to defend the ALJ's decision before this court without acknowledging Whisenant's arguments that the ALJ had ignored medical evidence also lacked substantial justification.

Alternatively, the government argues that even if its positions on the issues of pain and seizures were not substantially justified, it prevailed over Whisenant on her argument that the ALJ had failed to follow the Appeals Council's directions on remand, and for that reason the court should deny Whisenant's petition for fees. However, a plaintiff need not succeed on every argument to be entitled to fees. *See Hackett v. Barnhart*, 475 F.3d 1166, 1174 n.1 (10th Cir. 2007) (even though plaintiff prevailed on only one of the six issues she raised, she was entitled to fees because the government was not substantially justified on one of the issues); *see also Jaffee v. Redmond*, 142 F.3d 409, 416-17 (7th Cir. 1998) ("If arguments that do not contribute to a plaintiff's ultimate success were not eligible for compensation for that reason alone, then

attorneys might be discouraged from raising novel but reasonable arguments in support of their client's claims and a disincentive for strong advocacy could result.") (awarding fees under 42 U.S.C. § 1988).

Accordingly, because the ALJ's decision was not substantially justified, and because the Commissioner's decision to defend that decision was also not substantially justified, Whisenant is entitled to fees. The court turns now to the reasonableness of the amount of fees that Whisenant has requested.

### *Reasonableness of Fees Sought*

Whisenant is seeking an award of fees in the amount of $5,919.13, calculated as follows: 4.95 hours of attorney time billed in 2006 at an hourly rate of $160.00, 27.75 hours of attorney time billed in 2007 at an hourly rate of $165.00, and 2.05 hours of attorney time billed in 2008 at an hourly rate of $167.50. The request also includes 2.05 hours of law clerk time billed in 2006 at an hourly rate of $100.00 by Suzanne Blaz, who was a law student at the time and who had worked as a licensed paralegal since 2001. Blaz graduated law school in 2007 and, though she had not yet earned her law license, she began billing at the same hourly rate as attorneys, $165.00. Of the 27.75 hours of time billed in 2007, 19.75 hours of that time was billed by Blaz.

To recover fees under the EAJA, Whisenant bears the burden of establishing that her fee request is reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *Strange v. Monogram Credit Card Bk. of Ga.*, 129 F.3d 943, 946 (7th Cir. 1997). The government does not take issue with the number of hours expended or the rates charged by the attorneys on the case. However, the government does argue that it would be unreasonable to charge attorney rates for work performed by Blaz during 2007, a time at which she was a law school graduate but not a licensed attorney.

The court agrees that because Blaz was not a licensed attorney during the time she billed in 2007, it would be unreasonable to bill her at the attorney rate of $165.00. On the other hand, for the time between when she graduated law school and when she became licensed, it would be reasonable to bill her at a rate higher than her law student rate of $100.00. The parties have not addressed what rate between a law clerk rate and attorney rate would be reasonable, but Whisenant did attach to her fee petition surveys of paralegal billing. (R.32, Ex. E at 20.) According to the most recent survey for 2005, the hourly rates for paralegals with six years of experience (the level of experience that Blaz had) range between $83.00 and $155.00, with a median rate of $118.00.

The court believes that the median rate of $118.00 is a reasonable starting point, but does not fully account for the fact that in 2007 Blaz had not only a paralegal degree but also a law degree, and does not account for any cost of living increase between 2005 and 2007. Because of her law degree, it is reasonable to assume that Blaz would be billed at a rate higher than the median rate for paralegals who, for the most part, do not have law degrees. However, the court cannot determine with any precision how much higher than the median rate Blaz's law degree would allow her to bill because the petition for fees offers no explanation of ways in which Blaz's contributions were more valuable as a result of her receipt of a law degree, nor has the court found any documentation of additional responsibilities that Blaz undertook. Therefore, the court must determine a reasonable rate by exercising its discretion. In its discretion, the court determines that a reasonable hourly rate for Blaz for 2007 is $135.00, an hourly rate significantly greater than the median rate of $118.00, but short of the highest rate of $155.00 presumably reserved for only the most difficult work or work requiring specialized skills.

Next, the court will adjust the reasonable hourly rate for Blaz to account for any cost of living increase between the date of the survey, 2005, and the year in which Blaz's services were performed, 2007. According to Bureau of Labor statistics, in the Chicago area the cost of living increased 5.4 % between 2005 and 2007. (Data for the Chicago area obtained at http://www.bls.gov/cpi/data.htm). A 5.4% cost of living increase would raise the $135.00 hourly rate to $142.00.

In summary, a reasonable hourly rate for the 19.75 hours that Blaz billed during 2007 would be $142.00, not the $165.00 attorney rate. The difference in hourly rates ($23.00) multiplied by the hours billed (19.75) results in a $454.25 reduction that must be made to Whisenant's request for fees. Accordingly, the court will award fees in the amount of $5,464.88, a reduction of $454.25 from the $5,919.13 requested.

## CONCLUSION

Plaintiff Lisa Whisenant is the prevailing party, and the government's position was not substantially justified. Accordingly, Whisenant's petition for fees [32-1] is granted in part: she is awarded fees in the amount of $5,464.88, a reduction of $454.25 from the $5,919.13 requested.

ENTER:

DATE: October 14, 2008

_____
Blanche M. Manning
United States District Judge